## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Frederick J. Kapala | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 50084 | **DATE** | 6/6/2008 |
| **CASE TITLE** | Lahti v. Public Defenders Office | | |

**DOCKET ENTRY TEXT:**

Plaintiff's application for leave to proceed in forma pauperis is denied and this case is dismissed in its entirety pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii). In addition, this court was called for hearing and based on plaintiff's failure to appear in court, this case is dismissed for want of prosecution. This case is closed.

■[ For further details see text below.]      Docketing to mail notices.

### STATEMENT

    Plaintiff, Robert Lahti, brings a pro se complaint against the "Public Defenders Office" in connection with the handling of a criminal case filed against him in State Court in Winnebago County. Apparently, plaintiff is alleging violations of his civil rights under the United States Constitution as a result of his public defender's motion to have him evaluated for mental competence. Plaintiff alleges that this was unnecessary because it was his desire to plead guilty.[1] This matter is before the court on plaintiff's application for leave to proceed in forma pauperuis (IFP).

    An IFP petition will be denied, however, and the action will be dismissed, if the party seeking IFP status has filed a pleading or petition that is legally frivolous or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). A submission is "frivolous" for IFP purposes, and is therefore subject to summary dismissal under § 1915(e)(2)(B)(i), "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

    There are at least two fatal defects in plaintiff's complaint. First and foremost, as pleaded plaintiff's cause of action is barred by the statute of limitations. Section 1983 does not have its own statute of limitations, so federal law incorporates the forum state's limitations period and tolling provisions for personal injury cases. Brademas v. Indiana Hous. Fin. Auth., 354 F.3d 681, 685 (7th Cir. 2004). In Illinois, the statute of limitations for personal injury claims is two years. 735 ILCS 5/13-202. The purported tortious conduct alleged in plaintiff's complaint occurred in November 2005, a date more than two years prior to the filing of the instant complaint. Expiration of a statute of limitations is an affirmative defense, but "when the existence of a valid affirmative defense is so plain from the face of the complaint that the suit can be regarded as frivolous, the district judge need not wait for an answer before dismissing the suit." Walker v. Thompson, 288 F.3d 1005, 1009-10 (7th Cir. 2002).

    Second, although unclear, if plaintiff is attempting to sue his public defender individually, she is not subject to suit under § 1983. The Supreme Court has held that "a public defender does not act under color of

**STATEMENT**

state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." Polk County v. Dodson, 454 U.S. 312, 325 (1981). If plaintiff is attempting to sue the Public Defender's Office[2], there is no allegation that the purported constitutional deprivation was caused by a policy, practice or procedure such that the County could be liable. Thus, plaintiff's complaint fails to state a cause of action against the County. Therefore, plaintiff's IFP application is denied, and this action is summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2)(b)(ii).

1. Plaintiff appears to be laboring under the misconception that a criminal defendant need not be mentally competent in order to plead guilty.

2. Sovereign immunity does not apply because public defenders and their assistants are county employees, not employees of the State of Illinois. Johnson v. Halloran, 194 Ill.2d 493, 498 (2000); Moule v. Winnebago County, No. 03 C 51021, 2003 WL 22071572, at *1 (N.D. Ill. Sept.5, 2003) (holding that Winnebago County PD's Office was a county agency because "most of the factors discussed as relevant [in Halloran are] equally applicable to public defenders outside of Cook County")